Robert E. WILLIAMS

v.

A.C. & S., INC., et al.

Civ. A. No. 88–434–B.

United States District Court,
M.D. Louisiana.

Nov. 9, 1988.

Robert H. Urann, Gardner, Robein & Healey, Metairie, La., Magdalen C. Blessey, Louis L. Robein, Jr., for Williams.

J. Michael Johnson, Galloway, Johnson, Tompkins & Burr, New Orleans, La., for Combustion Engineering.

Michael T. Cali, Trial Atty., New Orleans, La., for Owens–Corning Fiberglass.

Anthony J. Staines, Metairie, La., for Eagle Picher Industries, Inc.

Thomas M. Bergstedt, Scofield, Bergstedt, Gerard, Mount & Veron, Lake Charles, La., for other defendants.

## OPINION

POLOZOLA, District Judge.

Robert E. Williams sued A.C. & S., Inc., Armstrong World Industries, Celotex Corporation, Combustion Engineering, Eagle Picher Industries, Inc., Fibreboard Corporation, Flintkote Company, GAF Corporation, H.K. Porter Company, Keene Corporation, Owens–Corning Fiberglas Corporation, Owens–Illinois, Inc., Pittsburgh Corning Corporation, Raymark Industries, Inc., Rock Wool Manufacturing Company and Turner & Newall, PLC in state court seeking to recover damages plaintiff allegedly sustained through the manufacture and distribution of asbestos products. Plaintiff seeks to collect both compensatory and exemplary damages. The defendants timely removed the case to this Court.

Defendants have now filed a motion to strike plaintiff's claims for exemplary damages. The Court finds defendants' motion should be granted.

■ From 1947 to 1973, plaintiff was employed in occupations which required him to handle asbestos products. During this time, plaintiff claims he was also exposed to asbestos dust and fibers which were used by his co-workers. Plaintiff contends that the asbestos products irreparably damaged his lungs. As noted above, plaintiff sued for both compensatory and exemplary damages. Plaintiff seeks exemplary damages under article 2315.3 of the Louisiana Civil Code, which provides: "In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances." Even assuming *arguendo* that asbestos is a hazardous or toxic substance, article 2315.3 still does not apply under the facts of this case to allow plaintiff to recover exemplary damages. Plaintiff does not allege he was injured as a result of the defendants' "storage, handling, or transportation" of asbestos. Defendants' fault, if any, arises from the manufacture, design, and labelling of the products—conduct which, although within the realm of products liability, lies outside the scope of article 2315.3.

■ Furthermore, plaintiff asserts that his exposure to the asbestos products ended in 1974. The legislature did not enact article 2315.3 until 1984. Article 6 of the Louisiana Civil Code provides: "In the absence of contrary legislative expression, substantive laws apply prospectively only." Thus, the Court finds that article 2315.3 cannot apply to a cause of action which arose ten years before its enactment.

For the foregoing reasons:

IT IS ORDERED that defendants' motion to strike plaintiff's claim for exemplary damages be and it is hereby GRANTED.